**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corletha Davis, | ) CIV 14-1950-PHX-DJH (MHB) |
| Petitioner, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| Charles L. Ryan, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |

TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:

Petitioner Corletha Jones, who is confined in the Arizona State Prison Complex, Perryville, Goodyear, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus (hereinafter "habeas petition") pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondents filed an Answer on December 2, 2014 (Doc. 7).  On December 12, 2014, Petitioner filed a Reply (Doc. 8).

## BACKGROUND

On November 29, 2010, Petitioner was charged by indictment in the Superior Court of the State of Arizona with one count of Second Degree Murder, a class one dangerous felony.  (Doc. 7-1, at 2-3.)  The Arizona Court of Appeals summarized the facts as follows:[1]

_____

[1]This Court may presume that the Arizona Court of Appeals' factual recitation is correct.   See 28 U.S.C. §2254(e)(1); Purkett v. Elem, 514 U.S. 765, 769 (1995).  Additionally, to resolve Petitioner's claim, this Court may review the Arizona Court of Appeals' decision, as it constitutes the last reasoned state court decision.  See Williams v. Rhoades, 354 F.3d 1101, 1106 (9th Cir. 2004) (citing Y1st v. Nunnemaker, 501 U.S. 797, 803-04 (1991)).

[I]n the early morning of November 19, 2010, Davis walked to the QuikTrip ("QT") near her home.  She wore a red sweatshirt with the hood pulled over her head.  Despite QT policy to the contrary, the store clerk permitted Davis to use the store telephone because Davis made him "uncomfortable."  She called a cab company, gave a false name and waited for the cab to arrive.

The cab driver brought Davis to the northernmost driveway of her apartment complex, though Davis's unit was not accessible form that entrance.  While still in the cab, Davis then allegedly shot the cab driver multiple times in his head and face.  A driver observed the cab roll out of the driveway and stop in the middle of the road, and then saw a woman in a red sweatshirt exit the passenger-side of the cab and walk toward the apartment complex.  He called the police when the cab driver slumped out the driver-side door, "bleeding real badly."

Police detained Davis in her boyfriend's apartment next-door to her own.  When they executed a search warrant on the boyfriend's apartment, officers found two plastic bags in the dishwasher containing clothes that matched the description of the clothing Davis was seen wearing at the QT, and two guns, a .22-caliber Ruger semi-automatic pistol and a .22 caliber revolver.  Testing later matched blood stains on Davis's clothing to the cab driver's DNA.  An autopsy also determined that the cab driver died from a minimum of five and maximum of seven bullet wounds from the .22 caliber Ruger pistol.

(Doc. 7-1, at 53-54.)

A jury found Petitioner guilty as charged, and also found the offense to be dangerous. (Doc. 7-1, at 16.)  The trial court had instructed the jury that an offense is a dangerous offense "if it involved the intentional or knowing infliction of serious physical injury or the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument."  (Id., at 3, 12, 19.)  Petitioner was thereafter sentenced to an aggravated term of twenty-two years in prison.  (Id., at 24.)  Petitioner filed a timely notice of appeal on April 2, 2012.  (Id., at 28-30.)

On appeal, as is relevant here, Petitioner's counsel presented following issue for review: "[a]ggravating factors must be determined by a unanimous verdict.  The jury was given an instruction on dangerousness such that the finding might have been based on serious physical injury, an invalid aggravator, or, alternatively, on the use of a gun, a valid aggravator.  Did the trial court err when it used on the finding of dangerousness to aggravate the sentence?"  (Doc. 7-1, at 33.)  In other words, counsel argued that, because the jury, in finding dangerousness, did not distinguish whether its finding was based upon serious physical injury or the use of a gun, there was no unanimous finding on a valid sentencing

aggravator. On April 16, 2013, the Arizona Court of Appeals issued a memorandum decision affirming her conviction and sentence after finding that the erroneous dangerous-offense instruction was harmless:

> In Arizona, the "presumptive sentence is the 'statutory maximum,'" unless the facts necessary to support an aggravated sentence have been found. *State v. Anderson* (*Anderson II*), 211 Ariz. 59, 60 ¶3, 116 P.3d 1219, 1220 (2005). Any fact that increases the penalty for a crime beyond the presumptive term must be submitted to the jury and proved by the State beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Moreover, the jury must unanimously agree on such an aggravating factor. *State v. Anderson* (*Anderson I*), 210 Ariz. 327, 355, ¶126, 111 P.3d 369, 397 (2005).

> Here, Davis was convicted of second degree murder, a Class 1 felony with a presumptive term of imprisonment of sixteen years and a maximum term of twenty-two years. A.R.S. §13-710(A) (2010). The court used the jury's dangerous finding to impose the maximum term. The definition of "dangerous offense" provided to the jury, however, included two distinct prongs: the offense involved either (1) the intentional or knowing infliction of serious physical injury, or (2) the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument.

> Davis argues and the State concedes that the court could not use the first "legally deficient prong" to aggravate Davis's sentence because serious physical injury is an essential element of second degree murder. *See* A.R.S. §13-701(D)(1) (infliction of serious physical injury constitutes an aggravating circumstance "except if this circumstance is an essential element of the offense of conviction . . ."). The State maintains that the inclusion of that prong in the instruction to the jury was merely harmless error "because no reasonable jury could have failed to find that a deadly weapon was used in the commission of the offense." We agree with the State.
>
> .      .      .

> "A violation of the Sixth Amendment's jury requirement with regard to sentencing factors may constitute harmless error if no reasonable jury would fail to find the factor's existence beyond a reasonable doubt." *State v. Miranda-Cabrera*, 209 Ariz. 220, 227, ¶30, 99 P.3d 35, 42 (App. 2004); *see also State v. Hampton*, 213 Ariz. 167, 183 ¶¶71-72, 149 P.3d 950, 966 (2006) (even absent a jury finding as to the existence of any aggravators, the court's imposition of an aggravated sentence is harmless error "if no reasonable jury, on the basis of the evidence before it, could have failed to find the minimum number of aggravators necessary to expose the defendant to the sentence imposed"), *State v. Ring*, 204 Ariz. 534, 560 ¶79, 65 P.3d 941 (2003) ("In those instances in which no reasonable jury could find that the [S]tate failed to prove [the aggravating factor] beyond a reasonable doubt, we will find harmless error affecting that factor."). Here, the evidence recounted above clearly demonstrated that Davis used a deadly weapon in committing the murder. The medical examiner's testimony also made clear that the victim was killed by multiple gunshot wounds. No reasonable jury could find that State failed to prove beyond a reasonable doubt that the offense involved the use of a deadly weapon, the proper prong of the dangerous offense instruction submitted to the jury. We therefore affirm the superior court's application of

1    the jury's dangerous finding to aggravate Davis's sentence pursuant to A.R.S.
2    §701(D)(2).
     (Doc. 7-1, at 57-60.)

3        Petitioner did not file a petition for review to the Arizona Supreme Court.  (Doc. 7-1,

4    at 51.)  On June 24, 2013, Petitioner timely filed a notice of post-conviction relief ("PCR"),

5    and appointed counsel raised one claim, that Petitioner received ineffective assistance of trial

6    counsel when trial counsel failed to retain an expert to address the "cycle of domestic

7    violence," and its impact on Petitioner and her "state of mind and defense."  (Docs. 7-1, at

8    63-68; 7-2, at 3.)  On July 22, 2014, the trial court denied relief on the merits.  (Doc. 7-2, at

9    31-33.)

10        Petitioner filed the instant, timely, habeas petition on September 5, 2014, in which she

11    asserts the same claim, discussed above, that she raised on direct appeal:  that because the

12    trial court gave a duplicitous, dangerous-offense instruction in that it included two distinct

13    theories the jury could have used to find the offense was dangerous (serious physical injury

14    and use of a deadly weapon), there was no unanimous jury finding of dangerousness that

15    would support aggravating Petitioner's sentence, as under the Arizona statutory sentencing

16    scheme "serious physical injury" could not be used as an aggravating factor.  Petitioner

17    claims this error violated her Sixth Amendment right, as set forth in <u>Blakely v. Washington</u>,

18    542 U.S. 296 (2004), to have her sentencing aggravator found by a unanimous jury.  (Doc.

19    1, at 11-12.)  Respondents concede that Petitioner has exhausted her claim, but assert that her

20    claim fails on the merits.

21                                **DISCUSSION**

22        Under the AEDPA[2], a federal court "shall not" grant habeas relief with respect to "any

23    claim that was adjudicated on the merits in State court proceedings" unless the State court

24    decision was (1) contrary to, or an unreasonable application of, clearly established federal

25    law as determined by the United States Supreme Court; or (2) based on an unreasonable

26    determination of the facts in light of the evidence presented in the State court proceeding.

27    _____

28        [2] Antiterrorism and Effective Death Penalty Act of 1996.

28 U.S.C. § 2254(d); <u>see</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ...." <u>Robinson v. Ignacio</u>, 360 F.3d 1044, 1055 (9th Cir. 2004) (citation omitted).

A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." <u>Taylor</u>, 529 U.S. at 405-06.   "A state court's decision can involve an 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." <u>Hernandez v. Small</u>, 282 F.3d 1132, 1142 (9th Cir. 2002) (citation omitted).

In determining whether or not a faulty jury instruction supports habeas relief, "an appellate court first considers whether the error in the challenged instruction, if any, amounted to 'constitutional error.'" <u>Morris v. Woodford</u>, 273 F.3d 826, 833 (9th Cir. 2001) (citing <u>Calderon v. Coleman</u>, 525 U.S. 141, 146 (1998)).  If constitutional error is found, then the harmless-error test set forth in <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993), is applied to determine whether the petitioner is entitled to habeas relief. <u>Morris</u>, 273 F.3d at 833. "Under <u>Brecht</u>, an instructional error is prejudicial and habeas relief is appropriate only if, after reviewing the record as a whole,[the appellate court] conclude[s] that there was a substantial and injurious effect on the verdict, or if [the appellate court is] 'left in grave doubt' as to whether there was such an effect." <u>Pulido v. Chrones</u>, 629 F.3d 1007, 1012 (9th Cir. 2010) (citing <u>Kotteakos v. United States</u>, 328 U.S.750, 765 (1946).  As a result, habeas relief may only be granted if Petitioner affirmatively establishes that, as a result of the instructional

1    error, she suffered "actual prejudice" – that is, the error caused her trial to be fundamentally

2    unfair.  Brecht, 507 U.S. 637.

3            In the instant case, the jury instruction left it unclear whether or not the unanimous

4    jury, when finding that the offense was dangerous, determined that the offense involved the

5    intentional or knowing infliction of serious physical injury, or the discharge, use or

6    threatening exhibition of a deadly weapon or dangerous instrument.  The State conceded on

7    direct appeal that, because the first prong of the instruction - serious physical injury - was an

8    essential element of the offense, it could not be used to enhance Petitioner's sentence.  See

9    A.R.S. §13-701(D)(1) (infliction of serious physical injury constitutes an aggravating

10   circumstance "except if this circumstance is an essential element of the offense ...").  Thus,

11   even though the second prong of the instruction - the deadly weapon prong - is a valid

12   sentence aggravator, constitutional error occurred when the trial court relied on the

13   ambiguous dangerousness finding to impose an aggravated sentence.  See Blakely, 542 U.S.

14   313-14 (holding that the Sixth Amendment requires a jury to unanimously find, beyond a

15   reasonable doubt, any aggravating circumstances that are used to increase a defendant's

16   sentence).

17           Petitioner was not prejudiced, however, by the erroneous jury instruction, as it did not

18   have a substantial and injurious effect on her trial.  As the appellate court noted, no

19   reasonable jury could have failed to find that Petitioner used a deadly weapon when she

20   killed the victim.  The uncontroverted evidence proved that the victim died from "a minimum

21   of five and maximum of seen bullet wounds from the .22-caliber Ruger pistol," which was

22   found hidden in the apartment where Petitioner was detained by police.  Thus, in finding

23   Petitioner guilty of the murder, the jury necessarily found that Petitioner used a deadly

24   weapon.  No reasonable jury could have failed to find that the victim was killed by multiple

25   shots from the .22-caliber Ruger pistol.  The state court's conclusion in this regard was based

26   on a reasonable determination of the facts in light of the evidence presented in the state court

27   proceeding.

28

1    Furthermore, the state court's determination of harmless error was not contrary to, or
2    an unreasonable application of, clearly established federal law as determined by the United
3    States Supreme Court.  See Washington v. Recuenco, 548 U.S. 212 (2006) (holding that
4    Blakely error is subject to harmless error review); see also Dillard v. Roe, 244 F.3d 758, 773-
5    74 (9th Cir. 2001) (stating that a trial court's failure to obtain a unanimous finding
6    concerning the defendant's use of a firearm during an offense is subject to harmless error
7    review).  Petitioner does not allege or establish that she was prejudiced by the erroneous jury
8    instruction, and thus Petitioner is not entitled to habeas relief.  See, e.g., Butler v. Curry, 528
9    F.3d 624, 648 (9th Cir. 2008) (stating that a Sixth Amendment violation is harmless, and a
10   habeas petitioner is not entitled to relief, if the jury "would have found the relevant
11   aggravating factors beyond a reasonable doubt").

12   Thus, the state court's decision on Petitioner's erroneous jury instruction claim was
13   not contrary to, or an unreasonable application of, clearly established federal law as
14   determined by the United States Supreme Court, or based on an unreasonable determination
15   of the facts in light of the evidence presented in the state court proceeding.

16   **CONCLUSION**

17   Petitioner's habeas petition claim fails on its merits.  Wherefore, this Court will
18   recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed
19   with prejudice.

20   **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of
21   Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**
22   **PREJUDICE**.

23   **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
24   to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a
25   substantial showing of the denial of a constitutional right.

26   \\\
27   \\\
28   \\\

- 7 -

1    This recommendation is not an order that is immediately appealable to the Ninth

2  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

3  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

4  parties shall have fourteen days from the date of service of a copy of this recommendation

5  within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1);

6  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen

7  days within which to file a response to the objections.  Failure timely to file objections to the

8  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

9  and Recommendation by the district court without further review.  See United States v.

10  Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

11  factual determinations of the Magistrate Judge will be considered a waiver of a party's right

12  to appellate review of the findings of fact in an order or judgment entered pursuant to the

13  Magistrate Judge's recommendation.  See Rule 72, Federal Rules of Civil Procedure.

14    DATED this 31st day of March, 2015.

15

16    _Michelle H. Burns_

17    Michelle H. Burns
       United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28