NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corletha Sherie Davis, | No. CV-14-01950-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is *pro se* Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R & R") of United States Magistrate Judge Michelle H. Burns (Doc 9), wherein she recommends denial of the Petition and dismissal with prejudice. Petitioner timely filed objections to the R&R. (Doc. 10). Respondents filed no objections. The Court now rules as follows. **I. R & R**

Petitioner is seeking habeas relief based upon one narrow claim, which she raised on direct appeal to the Arizona Court of Appeals. Namely, Petitioner alleges:

> that because the trial court gave a duplicitous, dangerous-offense instruction in that it included two distinct theories the jury could have used to find the offense was dangerous (serious physical injury and use of a deadly weapon), there was no unanimous jury finding of dangerousness that would support aggravating Petitioner's sentence, as under the Arizona statutory sentencing scheme "serious physical injury" could not be used as an aggravating factor.

(Doc. 9 at 4:11-16). After a detailed and accurate recitation of the background of this claim, the Magistrate Judge proceeded to analyze whether a faulty jury instruction could support habeas relief herein.

At step one of this analysis, the Magistrate Judge found that "constitutional error occurred when the trial court relied on the ambiguous dangerousness finding to impose an aggravated sentence[,]" *id.* at 6:12-13 (citation omitted), which the State conceded in its answer. (Doc. 7 at 8:7-11). Based upon this finding, the Magistrate Judge properly applied the harmless-error test, and found that "Petitioner was not prejudiced, . . . , by the erroneous jury instruction, as it did not have a substantial and injurious effect on her trial." (*Id.* at 6:17-18). Finally, the Magistrate Judge found, among other things, that "Petitioner does not allege or establish that she was prejudiced by the erroneous jury instruction, and thus Petitioner is not entitled to habeas relief." (*Id.* at 7:7-8) (citation omitted). Because Petitioner's habeas petition failed on the merits, the Magistrate Judge, as stated at the outset, recommended denial and dismissal with prejudice. The Magistrate Judge further recommended denial of a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because Petitioner did not make the requisite showing. *See id. at* 7:23-25.

**II. Analysis**

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same). Conversely, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does *not* on its face *require any review at all* . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989) (emphasis added); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R, [*Reyna–Tapia*,] 328 F.3d [at] 1121. . . ("Neither the Constitution nor the [Federal Magistrates

Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct")[.]"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012)  (internal quotation marks omitted) (footnote omitted)).

Although Petitioner Davis did file objections, critically, she is not challenging any aspect of the R & R.  Instead, Petitioner contends that the State "failed to notify [her] of [its] intent to use" another sentence aggravator -- use of a deadly weapon. (Doc 10 at 8:24-27).  This seemingly new claim was, understandably, not addressed in the R & R. Moreover, because Petitioner makes no objections at all to the R & R, this Court is not required to review the R & R.  Nonetheless, the Court has reviewed the R & R and agrees with its sounding reasoning, findings and recommendations. The Court will, therefore, accept the R & R, deny the Petition and dismiss this matter with prejudice. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

**III. Conclusion**

Accordingly,

**IT IS ORDERED ACCEPTING AND ADOPTING** as an Order of this Court Magistrate Judge Burns' R & R (Doc. 9).

**IT IS FURTHER ORDERED DENYING AND DISMISSING WITH PREJUDICE** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

. . . .

. . . .

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

**Dated** this 20th day of June, 2016.

Honorable Diane J. Humetewa
United States District Judge